**JOHN B. GREENE, ESQ.**
Nevada Bar No. 004279
**ROBERT D. VANNAH, ESQ.**
Nevada Bar No. 002503
**GOLIGHTLY & VANNAH, PLLC**
5555 Kietzke Lane, Suite 150
Reno, Nevada 89511
Telephone: (775) 222-3333
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT FRANZEN,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, a corporation; and DOES I through X, and ROE Corporations I through X, inclusive,<br><br>Defendants. | CASE NO. 3:22-cv-00401-MMD-CLB<br><br>**ORDER GRANTING STIPULATION TO AMEND COMPLAINT** |

Plaintiff ROBERT FRANZEN (Plaintiff), by and through his undersigned counsel, ROBERT D. VANNAH, ESQ., and JOHN B. GREENE, ESQ., of **GOLIGHTLY & VANNAH, PLLC,** and Defendant PROGRESSIVE CASUALTY INSURANCE COMPANY, through its attorneys of record, WILLIAM H. PRUITT, ESQ., and JOSEPH R. MESERVY, ESQ., of **BARRON & PRUITT, LLP,** hereby stipulate that Plaintiff may file an amended complaint that brings claims for relief against United Financial Casualty Company.

**IT IS FURTHER STIPULATED** that Plaintiff's claims against Defendant PROGRESSIVE CASUALTY COMPANY, shall be dismissed without prejudice.

A copy of the Proposed Amended Complaint is attached to this Stipulation and Order.

///

///

DATED this  5  day of October, 2022.

| GOLIGHTLY & VANNAH, PLLC | BARRON & PRUITT, LLP |
|---|---|
| /s/ John B. Greene | /s/ William H. Pruitt |
| JOHN B. GREENE, ESQ. | WILLIAM H. PRUITT, ESQ. |

**ORDER**

**IT IS SO ORDERED.**

DATED this  5th  day of  October , 2022.

_____
UNITED STATES MAGISTRATE JUDGE

SUBMITTED BY:

**GOLIGHTLY & VANNAH, PLLC**

/s/ John B. Greene
_____
JOHN B. GREENE, ESQ.

GOLIGHTLY & VANNAH, PLLC
5555 Kietzke Lane, Suite 150, Reno, Nevada 89511
Telephone (775) 222-3333   Facsimile (775) 420-4182

# Exhibit 1

# Exhibit 1

JOHN B. GREENE, ESQ.
Nevada Bar No. 004279
ROBERT D. VANNAH, ESQ.
Nevada Bar No. 002503
**GOLIGHTLY & VANNAH, PLLC**
5555 Kietzke Lane, Suite 150
Reno, Nevada 89511
Telephone: (775) 222-3333
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT FRANZEN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNITED FINANCIAL CASUALTY COMPANY, a corporation; and DOES I through X, and ROE Corporations I through X, inclusive,<br><br>　　　　　　Defendants. | CASE NO. 3:22-cv-00401-MMD-CLB<br><br>PROPOSED AMENDED COMPLAINT |

Plaintiff, ROBERT FRANZEN, by and through his attorneys, ROBERT D. VANNAH, ESQ., and JOHN B. GREENE, ESQ., of the law firm GOLIGHTLY & VANNAH, PLLC, and hereby complains and alleges as follows:

I.

**IDENTIFICATION OF THE PARTIES**

1. Where applicable, all matters set forth herein are incorporated by reference in the various causes of action, which follow.

2. On November 5, 2020, Plaintiff ROBERT FRANZEN (Plaintiff) was in a motor vehicle collision in Washoe County, Nevada. In that collision, Plaintiff suffered person injuries and

1  thereafter sought and received a measure of treatment in Washoe County, Nevada. Plaintiff's
2  damages exceed $15,000.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant UNITED FINANCIAL CASUALTY COMPANY, a corporation (hereinafter "UNITED"), at all times herein mentioned, is an insurance company authorized to do business, and doing business in, Washoe County, Nevada.

4. Plaintiff alleges that the DOE Defendant was and is liable to Plaintiff for benefits under his auto liability policy of insurance and/ or responsible for evaluation of Plaintiff's underinsured motorist claims.

5. The true names of DOES 1 through 10 and ROE CORPORATIONS 1 through 10, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to Plaintiff who therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that each of the Defendants, designated as DOES 1 through 10 and ROE CORPORATIONS 1 through 10, are or may be, legally responsible for the events referred to in this action, and caused damages to the Plaintiff, as herein alleged, and Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

6. ROE CORPORATIONS 1 through 10 are insurance companies, casualty companies, corporations, or other business entities who wrote or participated in writing UNITED policy number 04143659-3, or who participated in the claim processing and/or handling of Plaintiff's claims, as herein alleged.

7. DOES 1 through 10 are employers of Defendants and/or employers of named and/or unnamed Defendants who may be liable in negligence generally, or pursuant to N.R.S. 41.130, which states:

> [e]xcept as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

8. Plaintiff alleges that the ROE CORPORATION Defendant is liable to Plaintiff for benefits under his policy of insurance and/or responsible for evaluation of Plaintiff's claims.

## II.

## GENERAL ALLEGATIONS

9. Plaintiff's claims arise out of an automobile accident that occurred on November 5, 2020, in Washoe County, Nevada, wherein Plaintiff was traveling south on S. Roop Street in the number one travel lane with the right-of-way. At or about the same time, Diane Maguire was traveling east on 2nd Street approaching its intersection with S. Roop Street. Ms. Maguire then failed to stop at the stop sign, entered the intersection that Plaintiff was occupying, and caused the front of her vehicle to collide with the front left of Plaintiff's vehicle. This collision caused substantial property damage to Plaintiff's vehicle and significant personal injuries to him that have had, and will have, lasting effects.

10. Prior to November 5, 2020, Plaintiff purchased a policy of underinsured/uninsured motorist insurance to cover his bodily injuries from UNITED in the amount of $1,000,000, and medical payments coverage in the amount of $5,000.

11. Plaintiff was severely injured as a result of the accident of November 5, 2020; specifically, Plaintiff sustained injuries, primarily to his lumbar spine at L2-3 and L3-4.

12. Since November 5, 2019, Plaintiff has undergone conservative treatment with a chiropractor, has undergone treatment with two pain management doctors, has been offered and received medial branch blocks and an epidural steroid injection in an attempt to diagnose and treat

Plaintiff's lumbar pain. Plaintiff has also undergone a spinal cord stimulator trial and the implantation of a permanent spinal cord stimulator.

13. Specifically, shortly after the collision with Ms. Maguire, Plaintiff sought treatment on more than one occasion from Vista Medical Group. A CT scan was ordered due to the severity of Plaintiff's complaints. On December 3, 2020, Plaintiff received diagnostic studies of his lumbar spine at Sutter Health. The studies, including an MRI, revealed abnormalities. Then, from December 16, 2020, through June 16, 2021, Plaintiff received conservative chiropractic treatment from Leonard L. Wong, D.C. When conservative care failed to alleviate his pain and other symptoms, Plaintiff was referred for additional care and treatment.

14. On January 7, 2021, and again on February 25, 2021, Plaintiff presented for treatment to Dr. Robert G. Berry at Spine and Orthopedic Rehabilitation. Following an examination and a determination of Plaintiff's condition and injuries to his low back, Dr. Berry recommended that Plaintiff undergo an epidural steroid injection at the L4-5 level. On January 27, 2021, Plaintiff underwent that injection at Quail Surgical & Pain Management Center, yet Plaintiff's low back pain persisted. As a result, on February 25, 2021, Dr. Berry recommended that Plaintiff undergo a repeat injection.

15. On March 26, 2021, Plaintiff presented for treatment to Dr. Rakesh Donthineni, a pain management doctor. Due to the nature and severity of Plaintiff's complaints in and to his low back, Dr. Donthineni recommended that Plaintiff undergo a diagnostic and therapeutic injections called facet medial branch blocks. On April 15, 2021, Dr. Donthineni performed facet medial branch blocks on Plaintiff at L2-3 and L3-4, which provided Plaintiff with 60-70% relief for a few days. On May 27, 2021, Dr. Donthineni repeated the facet medial branch blocks at L2-3 and L3-4, which only provided Plaintiff with 20-30% relief for about a week. Because the second set of injections did not provide Plaintiff with adequate relief, Dr. Donthineni offered Plaintiff to undergo a spinal cord stimulator trial. On August 12, 2021, Plaintiff had the surgical procedure to implant the trial spinal

cord stimulator. On August 17, 2021, Plaintiff reported 60% improvement in overall in the coverage of his pain. Due to the significant relief, or coverage, that Plaintiff received in the trial, Dr. Donthineni recommended that Plaintiff undergo a surgery to implant a permanent spinal cord stimulator. On December 8, 2021, Plaintiff received the permanent spinal cord stimulator and has reported benefiting from the stimulator. On December 17, 2021, and again on January 14, 2022, Plaintiff reported to Dr. Donthineni that the stimulator is providing benefits. It is more likely than not that the spinal cord stimulator will require medical care and treatment in the future to properly maintain the device and its related parts.

16. On December 14, 2021, Diane Maguire's liability bodily injury insurer, AAA Insurance, agreed to tender the liability bodily injury policy limits of $100,000 to Plaintiff.

17. On February 18, 2022, Plaintiff sent a settlement demand to UNITED, outlining the aforementioned treatment and opinions, as well as providing all medical records and billings. The Demand detailed over $265,697 in past medical bills, all causally related to the motor vehicle collision with Ms. Maguire, and demanded the payment of Plaintiff's UIM policy of $1,000,000.00.

18. On March 14, 2022, UNITED responded to Plaintiff's settlement demand, and offered $54,000 to settle Plaintiff's UIM claim. UNITED also asked for a list of providers Plaintiff had seen for the previous three (3) years, as well as a signed HIPPA release.

19. On March 22, 2022, counsel for Plaintiff sent a response to UNITED, provided the list of providers/signed HIPPA authorization, and rejected UNITED'S offer of $54,000. The letter stated further: "Please **explain in writing as to how you valued his claim to be worth only $54,000**. He has $265,697 in past medical bills, has a permanent spinal cord stimulator which will need revision in the future, and has settled with the tortfeasor for $100,000. So, he is quite curious to hear from you as to how you came up with this valuation."

20. On March 29, 2022, UNITED responded with a one-page letter that offered $75,000 as a full and final settlement of Plaintiff's UIM claim. As an explanation for the valuation, UNITED

simply stated: "At this time our offer takes into consideration the documentation that was provided by your office and we fill (sic) that our offer is fair based on considered medical expenses in the amount of $63,374."

### III.

### FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT

21. Plaintiff repeats and re-alleges each and every statement set forth in the above Paragraphs as though each were set forth herein verbatim.

22. UNITED'S failure to fairly evaluate Plaintiff's claim, arising from the significant automobile collision of November 5, 2020, and UNITED'S failure to offer a reasonable amount to settle Plaintiff's claim, was a material breach of the insurance contract. UNITED has been provided and seen the medical records and reports, the past medical billings that exceed $265,697, the treatment records from Plaintiff's initial visit with Vista Medical Group: the abnormal diagnostic scans from Sutter Health; the chiropractic records from Dr. Wong; the advanced pain management records from Dr. Berry and Dr. Donthineni; the epidural steroid injection records from Quail Surgical and Pain Management Center; the facet medial branch block injection, spinal cord stimulator trial and permanent spinal cord stimulator records from Apex Surgery Center; and, the past medical bills in the amount of $265,697.94.

23. Yet, despite receiving the records and past medical billings pertaining to Plaintiff's causally related injuries and damages, UNITED merely offered $75,000 to resolve Plaintiff's UIM claim. In doing so, UNITED summarily dismissed from consideration, without explanation, over $202,323 of Plaintiff's past medical specials, as well as the likely future medical procedures and expenses to be incurred to revise Plaintiff's spinal cord stimulator.

24. As a result of UNITED'S breach of contract, Plaintiff has incurred compensatory or expectation damages in an amount in excess of $15,000.

25. As a result of UNITED'S breach of contract, Plaintiff has incurred foreseeable consequential and incidental damages in excess of $15,000.

26. Plaintiff has been required to retain legal counsel to prosecute this action, and is therefore entitled to reasonable attorney fees and costs of suit incurred in this action.

### IV.

### SECOND CLAIM FOR RELIEF

**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
**(BAD FAITH)**

27. Plaintiff repeats and re-alleges each and every statement set forth in the above Paragraphs as though each were set forth herein verbatim.

28. Nevada law recognizes in every contract a covenant of good faith and fair dealing, which is a promise that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.

29. UNITED breached this covenant of good faith and fair dealing by its failure to fairly evaluate Plaintiff's claim, arising from the significant automobile collision of November 5, 2020, and UNITED'S failure to offer a reasonable amount to settle Plaintiff's claim.

30. UNITED'S refusal to fairly evaluate and/or offer to pay a reasonable amount for Plaintiff's claim was done in the absence of a reasonable basis, and was done with UNITED'S knowledge and/or reckless disregard of the lack of a reasonable basis for its evaluation, and in its refusal to offer to pay the reasonable value of Plaintiff's claim.

31. UNITED further breached the covenant of good faith and fair dealing by its violation of provisions of the Unfair Claims Practices Act (NRS 686A.310 et seq.), set out below; violation of which was done with UNITED'S actual and/or implied knowledge.

32. As a result of UNITED'S breach of the covenant of good faith and fair dealing, Plaintiff has incurred compensatory or expectation damages, as well as emotional distress that includes, but

is not limited to, chagrin, worry, and disappointment in an amount that exceeds $15,000.

33. UNITED'S willful, wanton, malicious, reckless, oppressive, and/or fraudulent breach of the covenant of good faith and fair dealing entitle Plaintiff to punitive damages.

34. Plaintiff has been required to retain legal counsel to prosecute this action, and is therefore entitled to reasonable attorney fees and costs of suit incurred in this action.

V.

**THIRD CLAIM FOR RELIEF**

**UNFAIR CLAIMS PRACTICES**

35. Plaintiff repeats and re-alleges each and every statement set forth in the above Paragraphs as though each were set forth herein verbatim.

36. UNITED failed to effectuate a prompt, fair and equitable settlement of claims in which its liability had become reasonably clear, as prohibited by NRS 686A.310(1)(e).

37. UNITED compelled Plaintiff to institute litigation to recover amounts due under the applicable insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the Plaintiff, when the Plaintiff made claims for amounts reasonably similar to the amounts ultimately recovered, as prohibited by NRS 686A.310(1)(f).

38. UNITED failed to provide a prompt reasonable explanation to Plaintiff of UNITED'S basis in the insurance policy, with respect to the facts of the Plaintiff's claims and the applicable law, for the denial of Plaintiff's claim, and/or undervaluing the amount of Plaintiff's past medical bills without any explanation for doing so, or for an offer to settle or compromise Plaintiff's claim, as prohibited by NRS 686.A310(1)(n).

39. Pursuant to NRS 686A.310(2), UNITED is liable for any damages sustained by Plaintiff as a result of its violation of the above unfair claims practices, including damages for benefits denied under the insurance policy, compensatory or expectation damages, as well as emotional distress that includes, but is not limited to, chagrin, worry, and disappointment. Furthermore,

Plaintiff is entitled to punitive damages as the above violations were done with a conscious disregard for the rights of Plaintiff, all in an amount that exceeds $15,000.

40. Plaintiff has been required to retain legal counsel to prosecute this action, and is therefore entitled to reasonable attorney fees and costs of suit incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against UNITED, and Doe and Roe Defendants, as follows:

1. General and special damages in excess of $15,000, according to proof at trial;

2. Compensatory or expectation damages for denied policy benefits;

3. Consequential damages, including emotional distress and attorney's fees, in excess of $15,000;

4. Punitive damages against Defendant, only, in excess of $15,000;

5. Interest as allowed by N.R.S. 17.130, and costs of suit; and,

6. Such other and further relief as this Court deems appropriate.

Dated this _____ day of October, 2022.

GOLIGHTLY & VANNAH, PLLC

JOHN B. GREENE, ESQ.
Nevada Bar No. 4279
ROBERT D. VANNAH, ESQ.
Nevada Bar No. 2503
5555 Kietzke Lane, Suite 150
Reno, NV 89511
*Attorneys for Plaintiff*